BROOKLYN BAR ASSOCIATION, Plaintiff, *v.* KINGS COUNTY BAR ASSOCIATION, Defendant.

Supreme Court, Special Term, Kings County, July 3, 1940.

*Ralph K. Jacobs,* for the plaintiff.

*Maccabee & Rathborne [Samuel K. Maccabee* of counsel], for the defendant.

HOOLEY, J. This case comes before the court upon an agreed statement of facts supplemented by affidavits on each side. The plaintiff, Brooklyn Bar Association, seeks to enjoin the defendant, Kings County Bar Association, from using the name Kings County Bar Association or any similar name which is likely to confuse and deceive the public and persons of ordinary care and prudence. The Brooklyn Bar Association was incorporated on July 1, 1889. The defendant was incorporated as a bar association under the name Kings County Lawyers Association on November 27, 1911, but in January, 1939, it changed its name to Kings County Bar Association.

The term "Brooklyn" comprises the borough of Brooklyn, which was the former city of Brooklyn. The borough of Brooklyn is coterminous in its boundaries with Kings county. The complaint alleges that since its incorporation the plaintiff has been and is now known to the legal profession and to the public generally, variously, as the Brooklyn Bar Association, Kings County Bar Association and Bar Association of Kings County. The complaint further alleges that when defendant changed its name in 1939 the plaintiff promptly requested the defendant to cease to use the name Kings County Bar Association because of the conflict and confusion likely to result therefrom. The complaint further sets forth that confusion has resulted and will result, and that the name will continue to deceive persons of ordinary caution and prudence, and that defendant refused to discontinue the name Kings County Bar Association.

The defendant moved to dismiss the complaint upon the ground that the complaint did not state facts sufficient to constitute a cause of action. The motion was denied at Special Term. The Appellate Division of the Second Department, having disqualified itself to hear the appeal (258 App. Div. 920), said appeal was transferred to the Appellate Division of the First Department, which affirmed the order appealed from. (258 App. Div. 1047.) These decisions of Special Term and the Appellate Division fixed the law of the case provided the facts sustained the allegations of the complaint.

Since the decisions aforesaid, the plaintiff has served a bill of particulars in which it is conceded that notwithstanding the allegations of the complaint in those respects, the plaintiff has not suffered any loss of credit or pecuniary damages and that it has never used the name Kings County Bar Association or used the words Kings County in its name. In the annual reports of the New York State Bar Association the defendant has always been listed under the heading "County Bar Associations in the State," and during the years 1912 to 1922, both inclusive, the defendant was actually listed under the name of Kings County Bar Association.

This case must be decided upon the questions as to whether or not there is, or will be, any confusion in the minds of persons of ordinary caution and prudence in believing that the acts and conduct of the defendant are the acts and conduct of the plaintiff as alleged in the complaint. The plaintiff has established instances of confusion in this respect among tradespeople, lawyers, an employee of the telephone company and on the part of a person connected with the American Red Cross. It has established that such an excellent and careful newspaper as the New York *Sun* has used

the terms Brooklyn Bar Association and Kings County Bar Association interchangeably and that even the usually accurate Brooklyn *Eagle*, in reporting an account of this very litigation, has referred to Adolph Feldblum as president of the Kings County Bar Association, whereas Mr. Feldblum is president of the Brooklyn Bar Association. Even the attorney for the Legal Aid Society was confused between the two names. It is interesting to note that such confusion arises among most intelligent persons — lawyers and newspaper men. The general public will not be less free from confusion. While plaintiff has suffered no monetary damage, it has the right to have its own views on public questions and its own action on important matters separate in the public mind from the views and action of the defendant on such public questions and important matters. In most of the counties of the State there is only one county-wide bar association. True, in several counties there are various local village or city bar associations, but no one is misled thereby. There are in various counties women's bar associations which apparently have created no confusion in the public mind between such association and the other bar associations of the county. Only in New York county and Kings county, apparently, are there two county-wide bar associations of the character of the two here in question. In New York county they are known as The Association of the Bar of the City of New York and the New York County Lawyers Association. Apparently no confusion has resulted. In Brooklyn there was evidently no cause for complaint while the two corporations were known as the Brooklyn Bar Association and the Kings County Lawyers Association. The plaintiff has no objection to the use of the name Kings County Lawyers Association. The case of two bar associations is not comparable to two business corporations in this connection. The very fact that in no counties of the State, except New York county and Kings county, are there two county-wide bar associations of the character of the parties to the action, is some reason for the resultant confusion which plaintiff has established. The public can easily distinguish between, for example, the Brooklyn Trust Company and the Kings County Trust Company, or the Brooklyn Radio Service and the Kings County Radio Service, but the unusual fact that distinguishes the situation here from those business corporations with somewhat similar names, is that only in the county of Kings in the entire State of New York are there two county-wide bar associations like those which are here the subject of discussion, each of which uses the term " Bar Association " as part of its corporate name.

There is no magic in the word " Bar " in the names of the parties to this action. All lawyers are admitted to the bar; all admitted to the bar are lawyers. Defendant will not be injured by using a name which does not create confusion. Nearly every one understands that all of the members thereof are admitted to the bar and that such organization is a bar association. It is only because the proof here is that confusion has arisen and, in the court's opinion, will arise that the use of the present name lately assumed by the defendant is prohibited.

Judgment for the plaintiff, without costs.